No. 27,211.

Aszlue Mallory, a Minor, by Hattie Cowans, Her Mother, as Next Friend, *Appellee*, v. Fred W. Fleming and Francis M. Wilson, Receivers of The Kansas City Railways Company, *Appellants*.

#### SYLLABUS BY THE COURT.

Street Railroads—*Collision With Automobile—Negligence*. In an action for damages resulting from a collision of an automobile and a street car, the record is examined and *held*, no negligence of defendants was shown.

Appeal from Wyandotte district court, division No. 2; Frank D. Hutchings, judge. Opinion filed March 12, 1927. Reversed.

*E. S. McAnany, M. L. Alden; T. M. Van Cleave* and *C. C. Glandon*, all of Kansas City, for the appellants.

*J. H. Brady, T. F. Railsback*, both of Kansas City, and *W. B. DeArmond*, of Kansas City, Mo., for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action for damages for personal injury resulting from a collision of an automobile with a street car. The jury answered special questions and returned a general verdict for plaintiff. Defendants have appealed.

Briefly, the facts shown by the record are substantially as follows: Wood avenue is an east and west paved street in Kansas City, Kan. It is intersected by Twenty-seventh street, which is unpaved and on which there is a double street car track—the east track being for northbound cars and the west track for southbound cars. Approaching Wood avenue from the south Twenty-seventh street is upgrade, across Wood avenue the street is practically level, and to the north of Wood avenue it is upgrade. Just south of Wood avenue there is a "slow" placard, instructing the motormen on northbound cars to slow up before entering the intersection. Cars stopped at this point only when passengers were to be received or discharged. On Wood avenue, approaching Twenty-seventh street from the west, there is a long upgrade, the top or highest point of which is west of Twenty-seventh street a short distance, and from there to Twenty-seventh street and across the intersection it is practically level. On the day of the collision Mr. Cowans and other persons, friends or members of his family, including plaintiff, his niece, a girl about twelve years of age,

Mallory v. Fleming.

had been west of town on a fishing trip and were returning home about 6:30 in the evening. They were riding in a Ford sedan. Mr. Cowans was driving. Plaintiff was riding in the back seat. As the street car was crossing the intersection it was struck on the side, about four or five feet from the rear end, by the Ford sedan. The automobile was damaged and the plaintiff was injured. The evidence as to how the injury occurred was the testimony of Mr. Cowans and other occupants of the automobile. Mr. Cowans testified in substance that he was not familiar with Wood avenue nor with its intersection with Twenty-seventh street; that he drove east on Wood avenue, on the right hand side of the pavement, up the long grade. The first he knew of the street car crossing was when he saw the trolley wires across Wood avenue as he neared the top of the grade; that when he got to the top of the grade he observed defendants' street car on Twenty-seventh street approaching Wood avenue from the south; that he continued to observe it until his automobile struck it; that the street car slowed down as it approached Wood avenue, but did not come to a full stop, and increased its speed just as it entered Wood avenue; that when a few feet west of the west street car track he slowed his automobile to about six miles per hour, put it in low, that he could have stopped in six feet, and that about the time the street car increased its speed he increased the speed of his automobile and tried to "beat it across," with the result that he ran his automobile into the side of the street car, which was about thirty-five feet long, about four or five feet from the rear end. Other evidence on behalf of plaintiff was substantially to the same effect as the testimony of Cowans. Defendants demurred to plaintiff's evidence, raising the point that it showed no negligence on the part of defendants. Plaintiff then, by leave of the court, reopened the case and offered evidence, over defendants' objection, to the effect that when the street car started forward, after having slowed down, no bell or gong was sounded. The court overruled the demurrer; defendants offered no evidence, and the case was submitted to the jury. In answer to special questions the jury found that the automobile was six and one-half feet west of the west street car track when the street car increased its speed, and that defendants were negligent on account of the motorman not sounding his gong before attempting to cross Wood avenue, "also in not making any effort to avoid this

accident." It is difficult to give any specific meaning to the last part of this finding.

Appellants first contend that since Cowans testified that he saw the street car and observed its movements from the time he got in sight of it until his automobile struck it, the court erred in admitting testimony that the motorman did not sound the gong, or bell, as he started to increase his speed. It was error to admit this testimony. Cowans saw the street car and observed its movements and had all the information that could have been conveyed to him by the ringing of the bell. Appellee says this argument would be sound in a case where the purpose of a bell would be to notify the driver of the *existence* of the street car, but that here the ringing of the bell would have served the purpose of indicating the movements of the street car. There are two obvious answers to this argument: (1) Cowans says he saw the street car and observed its movements, hence needed nothing to inform him of its movements; and (2) seeing the street car approaching the intersection as he approached it, due care required him to observe its movements. That this was prejudicial is shown by the fact that the failure to sound the gong at that time was the only specific negligence of defendants found by the jury— and this negligence had not been pleaded.

Appellants' principal contention is that the evidence did not show any negligence on the part of defendants. This contention must be sustained.

The jury found that the automobile was six and one-half feet west of the west street car track when the street car increased its speed. It was then entering Wood avenue. The evidence does not disclose the width of the track nor the distance between the two tracks, but assuming that it was the standard street car track and laid the ordinary distance between double tracks, the automobile traveled not more than 20 feet after the street car increased its speed until it struck the side of the street car. It struck the side of the street car at a point about thirty feet back of the front end, for the evidence shows the street car was thirty-five feet long and that the automobile struck it about four or five feet from the back end. If the front of the street car was even with the driver of the automobile when he was six and one-half feet west of the west track, the street car had to travel one and one-half times as fast as he did in order for the collision to take place at the point shown by the evidence. At the

point six and one-half feet west of the west track, or just a few feet west of that, Cowans was driving in low at not more than ten miles per hour and could have stopped in six feet, according to his own testimony. With this showing of facts on behalf of the plaintiff it is clear that there was no negligence of the defendants which resulted in this collision. Defendants' demurrer to the evidence should have been sustained.

The judgment of the court below will be reversed, with directions to enter judgment for defendants.